**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 15-4776**

_____

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

CHRISTOPHER SHANE JENKINS,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Loretta Copeland Biggs, District Judge.   (1:14-cr-00367-LCB-1)

_____

Submitted:  May 31, 2016               Decided:  July 20, 2016

_____

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.   Graham Tod Green, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Shane Jenkins appeals his prison sentence after pleading guilty to possession of a firearm by a convicted felon. The district court imposed a sentence of 40 months in prison, which was above Jenkins' advisory Guidelines range of 27 to 33 months. Jenkins' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but raising the issue of whether the district court erred in varying upwards and imposing a sentence 7 months above the top end of the Guidelines range. Jenkins has filed a pro se supplemental brief also challenging the upward variance and making two arguments. We affirm.

We review "the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (quoting Gall v. United States, 552 U.S. 38, 41 (2007)). We "must first ensure that the district court committed no significant procedural error, such as failing to . . . adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51. If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances,

2

including the extent of any variance from the Guidelines range." Id. If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Id.

The district court "must make an individualized assessment based on the facts presented when imposing a sentence, apply[ing] the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and must state in open court the particular reasons supporting its chosen sentence." Lymas, 781 F.3d at 113 (citation and internal quotation marks omitted). "In imposing a variance sentence, the district court must consider the extent of the deviation and ensure that the justification is significantly compelling to support the degree of the variance." Id. (citation and internal quotation marks omitted). "[A] district court's explanation of its sentence need not be lengthy, but the court must offer some individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553." Id. (citation and internal quotation marks omitted). The "court's stated rationale must be tailored to the particular case at hand and adequate to permit meaningful appellate review." Id. (citation and internal quotation marks omitted).

We have reviewed the record and conclude that Jenkins' sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in sentencing him above his Guidelines range. The district court made an individualized assessment based on the facts presented, applied the relevant § 3553(a) factors to the specific circumstances of the case and the defendant, and adequately explained the particular reasons supporting its sentence. We therefore give due deference to the court's reasoned and reasonable decision that the § 3553(a) factors justified the sentence. See United States v. Diosdado-Star, 630 F.3d 359, 357 (4th Cir. 2011) (citation and quotation marks omitted). We have also reviewed Jenkins' pro se supplemental brief and conclude that his arguments are without merit. To the extent that he is arguing that he should have received advance notice of the Government's request for a variance, no such notice is required. See Irizarry v. United States, 553 U.S. 708, 713-14 (2008).

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

4

frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED
